IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ZUBIE WEAR, | § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Civil Action No. SA-12-CV-763-XR |
| AMERICAN TIME MANUFACTURING LTD., | | |
| *Defendant*. | | |

**ADVISORY AND ORDER**

On this day the Court considered the status of the above-captioned case.

**I. Facts**

Plaintiff Zubie Wear ("Plaintiff") filed suit against Defendant American Time Manufacturing Ltd. ("Defendant") in the 37th Judicial District Court of Bexar County alleging conversion of Plaintiff's property and liability under the Theft Liability Act. Plaintiff's state court petition alleges that Defendant "used stolen property . . . in the course of its business." (Pl.'s Orig. Pet. ¶ 6.) The petition, however, does not identify the property at issue or provide any description of the property other than that the property was "personal." (*Id.* ¶ 8.) The petition requests actual damages, attorneys' fees, exemplary damages, costs and interest, and "[a]ll other relief to which Plaintiff is entitled." (*Id.* ¶ 9.) The state court petition also includes the following statement regarding the relief sought: "Plaintiff intends to conduct discovery under Level 2 of Texas Rules [sic] of Civil Procedure 190.3 and affirmatively pleads that it seeks monetary relief aggregating less than $75,000." (*Id.* ¶ 1.)[1]

---

[1] A Level 2 discovery plan suggests that Plaintiff seeks monetary relief in excess of $50,000. *See* TEX. R. CIV. P. 190.

1

Defendant removed the case to this Court on August 10, 2012, alleging diversity jurisdiction. Defendant contends that the amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff's state court petition "seeks actual damages, exemplary damages, attorneys['] fees, prejudgment costs and interest, court costs and 'all other relief to which Plaintiff is entitled.'" (Def.'s Not. Removal ¶ 5.) Defendant provides no specific facts or further explanation in support of its contention that the amount in controversy exceeds $75,000.

Although Plaintiff has not filed a motion to remand, this Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

## II. Legal Standard

"The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). When the petition does not include a specific monetary demand, the removing party "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The requirement of establishing that the amount in controversy exceeds $75,000 is met "if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* Importantly, "[t]he jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

## III. Discussion

**A. Is it facially apparent from the state court petition that Plaintiff's claims likely exceed $75,000?**

In its state court petition, Plaintiff apparently attempted to avoid federal jurisdiction by including a statement that Plaintiff seeks "monetary relief aggregating less than $75,000." However, Plaintiff's statement, by itself, is not sufficient to limit the amount in controversy and defeat diversity jurisdiction. In the Fifth Circuit, in order to defeat jurisdiction where the amount in controversy would otherwise be established, a plaintiff must demonstrate that it is "legally certain" that recovery will not exceed $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A plaintiff can establish such "legal certainty" by submitting a "binding stipulation or affidavit" stating that the plaintiff affirmatively seeks less than the jurisdictional threshold *and* that the plaintiff will not accept an award that exceeds the jurisdictional threshold. *De Aguilar*, 47 F.3d at 1412; *Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010) (per curiam). While this Court has held that a stipulation included within the state court petition can constitute a binding judicial admission sufficient to limit the amount in controversy and preclude removal predicated on diversity jurisdiction, see *Wright v. Normandy Terrace Healthcare & Rehabilitation Center*, No. SA-12-CA-622-XR, 2012 WL 2979040, at *2-3 (W.D. Tex. July 19, 2012), Plaintiff's pleading statement is nonetheless insufficient to defeat jurisdiction in this case because Plaintiff's statement does not indicate whether Plaintiff would *accept* an award in excess of $75,000. Thus, because Plaintiff's pleading statement is insufficient to establish to a legal certainty that recovery will not exceed $75,000, the Court

3

must examine the rest of Plaintiff's state court petition in order to determine if it is facially apparent that the amount in controversy requirement is satisfied.

From the face of the state court petition, it is unclear whether the amount in controversy more likely than not exceeds $75,000 because the petition does not describe the property at issue in the case. Without any information about the alleged stolen property, the Court has no way to determine the potential value of Plaintiff's claims. While several factors may indicate that recovery could potentially exceed $75,000, such as, for example, the potential for an award of attorneys' fees under the Texas Theft Liability Act[2] and the potential for an award of exemplary damages for conversion,[3] the Court still cannot conclude from the face of the petition that Plaintiff's claims will more likely than not exceed $75,000 because there is no description of the property at issue. Thus, because it is unclear from the face of the petition whether the amount in controversy requirement is satisfied, the Court must proceed to the second inquiry.

**B. Can Defendant establish by a preponderance of the evidence that the amount in controversy exceeds $75,000?**

There is currently no competent evidence in the record establishing the amount in controversy. Thus, because it is not facially apparent from Plaintiff's petition that the amount in controversy exceeds $75,000, and because the burden is on Defendant to establish that jurisdiction is proper, the Court could remand the case at this time. However, since the Court is considering this jurisdictional issue *sua sponte* rather than upon consideration of a motion to remand, the Court finds that remand at this time would be unfair to Defendant because Defendant was not given sufficient notice that jurisdiction was being challenged.

---

[2] *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b).
[3] A plaintiff may recover exemplary damages for conversion if the plaintiff proves that the defendant acted with malice. *See Green Intern., Inc. v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997).

In cases where it is not facially apparent from the petition that the amount in controversy exceeds $75,000 and where the court has not been presented with any summary judgment type evidence demonstrating whether the value of a plaintiff's claim exceeds the jurisdictional threshold, district courts have instructed the parties to submit clarifying affidavits and evidence. *See, e.g.*, *Brown v. Wal-Mart Store, Inc.*, No. 2:12-CV-125-KS-MTP, 2012 WL 4027312 (S.D. Miss. Sept. 12, 2012); *Boyd v. Dolgencorp, Inc.*, No. 5:12-CV-48-DCB-JMR, 2012 WL 3779952 (S.D. Miss. Aug. 31, 2012); *Haley v. Ford Motor Co.*, 398 F. Supp. 2d 522 (S.D. Miss. 2005). The Fifth Circuit has held that it is permissible to afford the parties an opportunity to submit clarifying evidence in this manner. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) ("In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal."), *abrogated on other grounds by H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326 (5th Cir. 2000). Of course, any additional evidence can only be used to clarify the amount in controversy at the time of removal; if it is established that the amount in controversy exceeded $75,000 at the time of removal, any post-removal affidavits, stipulations, or amendments reducing the amount in controversy would not deprive the court of jurisdiction. *Gebbia*, 233 F.3d at 883; *see also Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993) (holding that although a plaintiff may not defeat removal by subsequently changing his damage request, post-removal affidavits may be used to clarify a petition that previously left the jurisdictional question ambiguous), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir.1998).

Accordingly, rather than remand the case at this time, the Court will allow Defendant an opportunity to produce summary judgment type evidence demonstrating that the amount in controversy exceeded $75,000 at the time of removal. Because Defendant is being afforded an opportunity to supplement the record with additional evidence, equity requires that Plaintiff be afforded the same privilege. Thus, the Court will also allow Plaintiff an opportunity to submit, if it so chooses, evidence clarifying the amount in controversy at the time of removal.

### IV. Conclusion

Accordingly, the parties are hereby ADVISED that on or after January 11, 2013, the Court will reconsider *sua sponte* the issue of whether Defendant has met its burden of establishing that jurisdiction is proper by a preponderance of the evidence. While either party may submit evidence clarifying whether the amount in controversy exceeded $75,000 at the time of removal, it is ORDERED that any such clarifying evidence must be filed with the Court by no later than January 10, 2013.

It is so ORDERED.

SIGNED this 19th day of December, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE